UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TERRANCE D. SWANN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 3:14CV1920-PPS |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Terrance D. Swann, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE 2.) A hearing officer at Westville Correctional Facility found Swann guilty of receiving from any person anything of value and conspiring and attempting to do the same. (DE 6-3.)

Swann was charged with trying to get a Green Dot card through his mother and another person from outside of Westville. Green Dot is a prepaid debit card. *See* www.greendot.com. The charges were initiated on June 26, 2014, when Correctional Officer R. Mackel prepared a conduct report, which stated:

> On 6/26/2014 at approximately 9:00 AM, I, officer R. Mackel, monitored an offender phone call made from WCU C pod phones on 06/05/2014 at 7:31 PM. Offender Swann, Terrance, DOC 956680, who was housed on C6 202, called ph #3177275394 and instructed callee to call Angela on Saturday at ph #5743704068, tell her you are calling for her son and take the green dot numbers for $40[.] This phone number is on the phone list of offender Felder, Matthew, DOC 166616, who is housed on C6 205, as his mother, Angela Felder. Offender Swann calls again on 6/9/2014 at 7:29 PM and confirms that callee picked up the money from Angela.

> I then monitored offender Felder's calls. Felder called ph #5743704068 on 6/1/2014 at 5:07 PM and instructed callee to get $40 for him. Felder calls this callee again on 6/6/2014 at 10:39 PM and tells her they are supposed to call her for that money.
>
> Offender Swann is conspiring with offender Felder and their contacts to receive a $40 green dot number from offender Felder by having their contacts transfer the money.
>
> This is prohibited by WCC ADP offense 240/233.

(DE 6-1.)

On July 8, 2014, Swann was notified of the charges when he was served with the conduct report and the notice of disciplinary hearing. (DE 6-2 at 1.) Swann was notified of his rights; he pleaded not guilty and did not request a lay advocate, any witnesses or physical evidence. (DE 6-2 at 1.)

After a number of continuances due to time constraints, a hearing officer conducted the disciplinary hearings on August 6, 2014. (DE 6-2 at 2-5, 6-3.) Swann refused to attend the hearing, but provided a written statement requesting a reduced sanction. (DE 6-3 at 1, 2.) The hearing officer, relying on the conduct report and Swann's written statement, found Swann guilty. (DE 6-3.) The hearing officer imposed a 60-day deprivation of earned time credit. Swann's appeals were denied and this petition followed. (DE 6-4, 6-5.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when

2

consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Swann raises three claims in his petition: (1) Department of Corrections policy was violated when the disciplinary hearing was delayed; (2) the name of the charged offense was modified; and (3) the evidence was insufficient to find him guilty.

First, Swann complains that the Department of Corrections policy was violated when his hearing was continued beyond fourteen (14) days from the original hearing date. However, relief in a federal habeas corpus proceeding is only available for a violation of the United States Constitution or other federal law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Swann's claim premised on an alleged violation of a prison policy does not provide a basis for granting federal habeas relief.

Swann next argues that he was originally charged with the offense of "conspire/attempt to commit any Class B offense/receiving from any person, anything of value" but was found guilty of "bribing/giving." As a threshold matter, the respondent says that this claim is procedurally defaulted because Swann did not raise it in his appeal to the facility head. (DE 6 at 5.) A prisoner seeking habeas relief is required to exhaust his claims at all levels of the administrative process, and his failure to do so results in a procedural default. *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Markham v. Clark*, 978

F.2d 993, 995 (7th Cir. 1992). Swann did not include this claim at the administrative level. (*See* DE 2 at 5.) Accordingly, this claim is procedurally defaulted.

Not only is the claim procedurally defaulted, but it has no merit. Though *Wolff*, 418 U.S. 539, requires advance notice of sufficient facts to inform the accused of the behavior with which he is charged, it does not require such a notice to specify the specific name or number of the rule violation, its severity, nor the case number assigned to the matter. It is for this reason that *Northern v. Hanks*, 326 F.3d 909, 911 (7th Cir. 2003) held that there was no due process violation where the Final Reviewing Authority changed the charge on appeal – long after the hearing. The Seventh Circuit reasoned that, "[b]ecause the factual basis of the investigation report gave [him] all the information he needed to defend against the . . . charge, the reviewing authority's modification did not deprive [him] of his due process rights." *Id.* Here, the change in the offense name made no substantive difference to the factual basis of the charge against him. Therefore, this ground presents no basis for habeas relief.

Finally, Swann argues there was insufficient evidence to find him guilty. This claim, too, was not presented at the administrative level. (DE 2 at 5.) As such, it is procedurally defaulted as well. Nevertheless, there was sufficient evidence to find Swann guilty. The "some evidence" test is not a demanding one. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record

4

that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

In this case, the conduct report reveals that offender Felder called his mother and instructed her to get $40 in Green Dot numbers for him. (DE 6-1.) He then called back a few days later to let her know that she would be getting a call for that money. (DE 6-1.) Swann then made phone calls instructing the person he was calling to contact offender Felder's mother and obtain Green Dot numbers for $40. (DE 6-1.) Swann called back to confirm that the person had obtained the money from Felder's mother. (DE 6-1.) The conduct report alone constitutes some evidence that Swann was attempting to accept something of value - $40 placed on a Green Dot card - from Felder. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone provided "some evidence" to support disciplinary determination). This evidence more than satisfies the "some evidence" standard.

In sum, there has been no showing that Swann was deprived of due process. Based on the record, there is sufficient evidence to find Swann attempting to receiving anything of value from another person, a Class B offense 240/233 under the institution's disciplinary code. (DE 6-5).

5

For the reasons set forth above, the petition (DE 2) is **DENIED**.

**SO ORDERED**.

ENTERED: March 17, 2015         Philip P. Simon  
                                                      Chief Judge  
                                                      United States District Court